No. 85-83

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

IN THE MATTER OF THE MENTAL
HEALTH OF H.C.

_____

APPEAL FROM: District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Robert E. LaFountain argued, Billings, Montana

For Respondent:

Jon A. Oldenburg argued, Deputy County Attorney,
Lewistown, Montana

_____

Submitted: September 24, 1985

Decided: November 6, 1985

Filed: NOV 6 - 1985

_____
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The respondent, Fergus County, State of Montana, initiated involuntary commitment proceedings to keep the appellant, confined in a hospital for psychological evaluation and treatment. The proceedings were eventually dismissed. The appellant filed a petition in District Court to order the respondent to pay all costs incurred. The District Court allowed some costs and denied others.

We affirm.

The issue presented is whether a county that has initiated involuntary commitment proceedings to confine a person to a hospital for psychological evaluation and treatment is liable for the costs of attorney fees, expert witness fees, and all medical treatment incurred by the individual during confinement.

The appellant is a resident of Fergus County, Montana. On May 19, 1983, she was examined by a psychologist in Lewistown, Montana, and he concluded that she should be admitted to a hospital for further evaluation and treatment. He and appellant's daughter arranged for the appellant to be admitted to the Billings Deaconess Hospital. He also made a recommendation to the Fergus County Attorney's office that the appellant be committed.

On May 20, 1983, prior to any commitment proceedings, the appellant was admitted to the Billings Deaconess. Her daughter accompanied her. The appellant was admitted to the psychiatric ward of the hospital. She maintains that she was at all times under the belief that the examination by the

psychologist and the admission to Billings Deaconess were for physical examination purposes.

By May 26, 1983, a petition was filed in the District Court. The District Court ordered that appellant be detained at the Billings Deaconess Hospital where she had previously voluntarily committed herself. At the same time the court set a hearing date. The date was postponed. The parties tried to negotiate a resolution to the problem. On about July 1, 1983, the appellant left Billings Deaconess of her own volition. The county dismissed the commitment proceeding on September 8, 1983. It was determined that the appellant no longer presented a threat to herself or others.

The appellant was at the Billings Deaconess Hospital from May 20 to about July 1, 1983. During her stay, in addition to psychiatric evaluation and treatment, she received evaluation and treatment for certain physical disorders. She was treated for dental, thyroid, and colon problems. The county maintains that this additional treatment was done at appellant's request without the knowledge of the county.

After the proceedings were dismissed the appellant submitted a memorandum of costs incurred as a result of the commitment proceedings. Appellant's insurer paid some of the claims and the county accepted liability for others. The appellant then submitted a petition for allowance of unpaid costs to the county.

The District Court denied the following costs:

| | | | |
|---|---|---|---|
| 1. | Dr. Prill | dental | $    28.00 |
| 2. | Dr. Hull | dental | 60.00 |
| 3. | Dr. Byorth | thyroid | 506.00 |
| 4. | Billings Radiology | colon x-ray | 17.80 |
| 5. | Dr. Pierce | expert witness psychiatrist | 714.00 |
| 6. | Mr. Brueggman | attorney | $1,088.00 |

The District Court denied the costs numbers one, two, three and four because they were not connected with the mental disorder. It denied number five because the psychiatrist, as an expert witness, was not properly requested of the District Court as required by statute. Section 53-21-118, MCA. It denied number six because the attorney was not the original court-appointed counsel but one retained at appellant's own expense. Section 53-21-117, MCA. The appellant appealed from this denial of costs.

Appellant argues that she was involuntarily committed to the hospital and that the hospital had a duty to arrange for medical treatment as one of her paramount rights as a patient to receive prompt and adequate medical treatment for any physical ailment and it is the duty of the health care facility to provide that care and treatment at the expense of the county who is responsible for the costs of her physical disorders while confined.

In addition to expenses for her care at the hospital, appellant argues that the District Court initially appointed counsel for her and that is proof that she is indigent and therefore is entitled to her medical expenses from the county poor fund.

Fergus County responds that the appellant was voluntarily admitted to the hospital but does acknowledge that it did seek to commit her soon after she was admitted. The respondent does not challenge the fact that the appellant was confined and that she received medical treatment for physical ailments while confined. Fergus County rejected appellant's claims on the ground that the Montana statutes do not provide for the payment by the county for expenses

incurred for treatment unrelated to the mental disorders for which a person is committed.

The respondent also argues that Montana law requires an insured person's insurance to pay for the treatment received while confined. Respondent further points out that if the claimant is unable to pay for her own care, either through the insurance company or her own funds, then she may seek payment from the county poor fund. Simply because counsel was appointed in a commitment proceeding does not mean that appellant is classified as an indigent for poor fund purposes.

It's clear that the parties disagree whether appellant was admitted to the hospital voluntarily or involuntarily. The resolution of this matter is not critical because the respondent agrees that at the time of admission, commitment proceedings were started and that during most of her time in the hospital appellant was under the confinement order of the District Court. It was during this period that she received treatment for physical disorders.

The District Court properly rejected the claims for medical expenses for the reason that they were not part of the treatment due as a result of the confinement. Section 53-21-132, MCA, provides:

> 53-21-132. Cost of examination and commitment.
> (1) The cost of the examination, committal, and taking a person who is seriously mentally ill to a mental health facility must be paid by the county in which he resides at the time he is adjudged to be seriously mentally ill. The sheriff must be allowed the actual expenses incurred in taking a person who is seriously mentally ill to the facility, as provided by 7-32-2144.
>
> (2) The county of residence shall also pay all precommitment expenses, including transportation to a mental health facility, incurred in connection with the detention, examination, and precommitment custody of the respondent. The fact that a person

is examined, hospitalized, or receives medical, psychological, or other mental health treatment pursuant to this part does not relieve a third party from a contractual obligation to pay for the cost of the examination, hospitalization, or treatment.

Pursuant to this statute certain expenses incurred must be paid by the county. However, the record shows that the denied costs were incurred at the appellant's own request without knowledge of the county and the costs were not related to the treatment due as a result of the confinement. The appellant had personal insurance that paid a portion of the medical expenses. As to the remaining medical expenses we do not believe that the legislature intended the county to be liable under the facts presented here.

The court properly rejected her claim for payment of her attorney who was retained by the appellant after she dismissed her court appointed counsel. Appellant is entitled to counsel as provided in section 53-31-116, MCA, which provides:

53-21-116. Right to be present at hearing or trial—appointment of counsel. The person alleged to be seriously mentally ill has the right to be present at any hearing or trial. If he has no attorney, the judge shall appoint one to represent him at either the hearing or the trial, or both, who shall be compensated from the public funds of the county where the respondent resides.

But when the appellant chose to retain her own attorney she came under section 53-21-117, MCA. That provides as follows:

53-21-117. Right to representation by own attorney. The respondent or the friend of respondent appointed by the court may secure an attorney of his own choice and at his own expense to represent the respondent.

The District Court correctly denied attorney fees.

In refusing to compensate the appellant's expert witness the District Court relied on section 53-21-118, MCA:

53-21-118.  Right to examination by professional person of own choosing.  (1)  The respondent, his attorney, or the friend of respondent appointed by the court may secure a professional person of his own choice to examine the respondent and to testify at the hearing before the court or jury as to the results of his examination.

(2)  If the person wishing to secure the testimony of a professional person is unable to do so because of financial reasons and if the respondent joins in the request for the examination, <u>the</u> <u>court</u> <u>shall</u> <u>appoint</u> <u>a</u> <u>professional</u> <u>person</u> other than the professional person requesting the commitment to perform the examination.  Whenever possible, the court shall allow the respondent a reasonable choice of an available professional person qualified to perform the requested examination who will be compensated from the public funds of the county where the respondent resides.  (Emphasis added.)

The failure of the appellant to obtain prior approval of the court for expert witness fees precludes payment of compensation for that expert witness.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

- 7 -